592

644 A.2d 767

**R.A.R. and M.E.R.**

v.

**T.M. and R.E.R.**

**Appeal of T.M.**

Superior Court of Pennsylvania.

Argued April 27, 1994.

Filed July 8, 1994.

Daniel H. Shertzer, Jr., Lancaster, for appellant.

Andrew H. Appel, Lancaster, for appellee.

Before McEWEN, JOHNSON and HOFFMAN, JJ.

JOHNSON, Judge:

This is a dispute over the primary physical custody of D.E.R. (the child), born July 26, 1988. For purposes of this appeal, the competing interests are those of the paternal grandfather, R.A.R. (Grandfather) and the natural mother, T.M. (Mother).

Mother appeals the custody order entered October 28, 1993, in which the trial court awarded shared legal custody of the child to Grandfather, Mother, and R.E.R. (Father). The trial court also awarded primary physical custody to Grandfather, and awarded partial physical custody to Mother. We affirm.

The pertinent procedural history is as follows. This matter began on November 6, 1989, when the paternal grandparents filed a complaint seeking custody of the child. On January 23, 1990, the trial court entered an order awarding legal and primary physical custody of the child to the paternal grandparents. In addition, the trial court awarded Mother and Father partial physical custody and/or visitation.

In response to various petitions for contempt and for modification, the trial court entered several additional orders amending the original custody order. On July 10, 1992, the trial court entered an order awarding shared legal custody of the child to his paternal grandparents and his parents, primary physical custody to his paternal grandparents, and partial physical custody to Mother. Mother appealed to this Court. Subsequently, the child's paternal grandmother died. By Judgment Order filed March 26, 1993, we vacated the trial

court's July 10, 1992 order and remanded the case to the Court of Common Pleas of Lancaster County for further proceedings in light of the death of the child's grandmother. In addition, we recommended that the trial court consider the following principles of custody law: (1) In a custody dispute between a child's natural parent and a third party, such as a grandparent, the parent has a prima facie right to custody unless the third party demonstrates "convincing reasons" why the child's best interests will be served by awarding custody to the non-parent. *Ellerbe v. Hooks*, 490 Pa. 363, 416 A.2d 512 (1980); and, (2) In the absence of compelling reasons, siblings should be raised together. *Albright v. Commonwealth ex rel. Fetters*, 491 Pa. 320, 421 A.2d 157 (1980).

On remand, after considering these and other principles of custody law, the trial court entered an order awarding shared legal custody of the child to Grandfather, Mother, and Father. The trial court also awarded primary physical custody of the child to Grandfather, while awarding Mother partial physical custody. Mother now appeals.

■ Preliminarily, we note that our paramount concern in child custody cases is the best interest of the child. *McMillen v. McMillen*, 529 Pa. 198, 602 A.2d 845 (1992). It is well-settled that those interests include the physical, intellectual, moral and spiritual well-being of the child. *Clapper v. Clapper*, 396 Pa.Super. 49, 578 A.2d 17 (1990).

> The scope of review of an appellate court reviewing a child custody order is of the broadest type; the appellate court is not bound by the deductions or inferences made by the trial court from its findings of fact, nor must the reviewing court accept a finding that has no competent evidence to support it. However, this broad scope of review does not vest in the reviewing court the duty or the privilege of making its own independent determination. Thus, an appellate court is empowered to determine whether the trial court's incontrovertible factual findings support its factual conclusions, but it may not interfere with those conclusions unless they are unreasonable in view of the trial court's factual findings; and thus, represent a gross abuse of discretion.

*McMillen,* 529 Pa. at 202, 602 A.2d at 847 (citations omitted). With these standards in mind, we will address Mother's claim on appeal.

■ Mother asks "has such necessity been shown as to deny [her] custody and to separate the child from his siblings?" Appellant's Brief at 6. In compliance with our Judgment Order filed March 26, 1993, the trial court considered the principles that convincing reasons must be shown before awarding custody to a non-parent, *Ellerbe, supra,* and that siblings should be raised together absent compelling reasons, *Albright, supra.* The trial court concluded that compelling circumstances require that the child remain with Grandfather. Specifically, the trial court found that Mother had been unwilling and unable to care for the child in his early years, and that it would be destructive to remove him from a stable environment where Grandfather has provided him with constant, consistent care.

Nonetheless, Mother disputes the compelling reasons on which the trial court relied. She argues that there is no evidence that she was either unwilling or unable to care for the child, and that the trial court placed undue emphasis on the fact that the child has been cared for by his grandparents for the last five years.

After reviewing the record, we hold that there is sufficient evidence to support the trial court's finding that Mother was unwilling or unable to care for the child. Mother admitted that the paternal grandparents provided most of the food and clothing for the child since his birth. N.T., June 10, 1992, at 28–29. From birth, his grandparents spent the weekends visiting him at his parents' trailer. *Id.* at 51. When the child was a few months old, Mother obtained a job and began leaving the child with his grandparents during the week. *Id.* at 52. The child would spend the week at his grandparents' home and the weekend at his parents' trailer. *Id.* Frequently, Mother did not call to check on the child. *Id.* Further, from the end of August 1992 through January 1993, Mother neither exercised her partial custody rights nor contacted the child. N.T., August 16, 1993, at 22–23. Mother testified that

she suspended her exercise of partial custody because it was too stressful for the child who feared that his grandmother would die when he was visiting his mother. *Id.* at 65. The trial court found, and we agree, that Mother could have contacted the child during this period.

■ Finally, Mother asserts that the trial court placed too much weight on the time which the child has spent with Grandfather. She notes that the cases cited in support of the trial court's position that the court must consider the effect upon the child of removal from a known physical environment involved disputes between parents, not a parent and a third party. Although the cases cited involved disputes between parents, the trial court recognized, as do we, that changes in custody can seriously disrupt a child's life. The role of primary caretaker is a substantial factor which the trial judge must weigh in adjudicating a custody matter where the child is of tender years. *Commonwealth ex rel. Jordan v. Jordan,* 302 Pa.Super. 421, 448 A.2d 1113 (1982). After thoroughly reviewing the trial court's analysis, we are unable to agree with Mother's assertion that the court placed too much weight on the time the child has spent with Grandfather.

For these reasons, we cannot find that the trial court committed a gross abuse of discretion in concluding that compelling circumstances require that Grandfather have primary physical custody of the child. Accordingly, we affirm the trial court order awarding primary physical custody of the child to Grandfather.

Order affirmed.

McEWEN, J. concurs in the result.